## THORNTON et al. v. SECURITIES AND EXCHANGE COMMISSION.

### No. 106, Docket 21062.

United States Court of Appeals
Second Circuit.

Dec. 22, 1948.

Frank L. Ippolito, of New York City (Joseph Brandwen, Max P. Kaplan, Carrol A. Muccia, Michael A. Muccia, and Joseph A. Muccia, all of New York City, on the brief), for petitioners.

Alexander Cohen, Atty., Securities and Exchange Commission, of Washington, D. C. (Roger S. Foster, Gen. Counsel, and Louis Loss, Assoc. Gen. Counsel, both of Washington, D. C., on the brief), for respondent.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

The Commission order revoking the registration of petitioners' firm as a securities broker and dealer and expelling it from the National Association of Securities Dealers, Inc., was based on findings that it had willfully violated § 9(a) (1) and (2) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78i(a) (1) and (2), in entering "matched orders" and effecting "wash sales" in two stocks traded on the Chicago Stock Exchange, as described in and prohibited by the Act. Petitioners admitted the matched orders and wash sales, but denied the manipulative purpose defined in the statute as that "of creating a false or misleading appearance of active trading in any security registered on a national securities exchange, or a false or misleading appearance with respect to the market for any such security." Petitioners asserted that their purpose was only to meet their financial needs to the bank through which they paid for stock purchases by means of a clearance and loan account; as they state it, Thornton "washed the securities because his bank demanded" sales tickets "or other collateral to balance his accounts." But the Commission made a careful and detailed analysis of the direct evidence and the reasonable inferences to be drawn therefrom, In the Matter of Thornton & Co., 1948, SEC Release No. 4115, to the point of demonstration that this could not have been petitioners' sole or even main purpose. This was shown, inter alia, by the facts as to the firm's financial position, inconsistent with this explanation, its purchases and sales to others, including public investors or for profit, in addition to the wash sales, the sharp inventory changes appearing in its holdings of these stocks pointing to active trading, rather than the maintaining of a definite position as to the particular investment, and, indeed, the very mechanics of the washing process actually followed showing the execution of purchase orders before, as well as after, those for the matching sales. Had our power of review of the evidence been yet broader than it is, we would still find no justification for reversing these findings thus so strongly buttressed in the facts.

Our acceptance of these findings leads of course to the affirmance of the Commission's further findings that Thornton & Co. had willfully violated §§ 10(b) and 15(c) (1) of the Act, 15 U.S.C.A. §§ 78j(b), 78o(c) (1), and Commission Rules issued thereunder, in selling these stocks in the over-the-counter market at prices based on the exchange quotations without disclosure of its manipulation of the exchange market.

Order affirmed.